In the Matter of the Application of MOSES J. CHERRY, Respondent, for an Order of Mandamus against JOHN BRUMBAUGH, as Building Inspector of the Village of Larchmont, Appellant, and JOHN J. MURDOCK, BESSIE K. OLER and ANN OLER THOMSON, Intervenors, Appellants.— Petitioner sought a permit to build a six-story apartment house in a Class A residence district in the village of Larchmont, Westchester county. The building inspector refused to issue the permit upon three distinct grounds: (1) That under the local Zoning Ordinance (§ 12) the erection of apartment houses is prohibited; (2) that the proposed plan calls for non-fireproof construction instead of fireproof construction, as required by the local Building Code (§§ 801, 1202); and (3) that the plans in several details of construction fail to comply with the regulations prescribed by the Building Code (§§ 201, 1106, 1311). Petitioner thereupon instituted this proceeding under article 78 of the Civil Practice Act, to compel the issuance of the permit. Respondents moved to dismiss the petition as matter of law on the ground that petitioner must first exhaust his remedy by appeal to the local board of appeals. The Special Term denied the motion to dismiss and referred the issues of fact to an official referee, to take proof and report. With respect to the first two grounds assigned for refusing the permit, petitioner contends that the requirements of the Zoning Ordinance and the Building Code are arbitrary, unreasonable and unconstitutional. Such an issue the local board of appeals has no power to hear or determine. Under certain circumstances it may grant a variance for limited purposes but it has no jurisdiction to set aside an ordinance as unconstitutional. Hence, as to these two grounds petitioner can obtain no redress from the local board of appeals and is not required to appeal to that body. Such questions may be determined by the court on an application for a mandamus order. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347, 352; *Dowsey* v. *Village of Kensington*, 257 id. 221;. *Matter of Eaton* v. *Sweeny*, Id. 176; *Matter of Wulfsohn* v. *Burden*, 241 id.

288; *Matter of Beckmann* v. *Talbot,* 252 App. Div. 870 [2d Dept.]; revd., on other grounds, 278 N. Y. 146; *Matter of Radcliffe* v. *Livingston,* 223 App. Div. 862 [2d Dept.].) However, with respect to the third ground assigned by the inspector for refusing the permit, petitioner joins issue with the respondent and contends that the plans do in fact comply with the regulatory provisions of the Building Code. Such an issue the local board of appeals is expressly empowered to hear and determine (Building Code, § 304), and until this remedy of appeal is exhausted petitioner is not entitled to resort to the courts. (*Matter of Towers Man. Corp.* v. *Thatcher,* 271 N. Y. 94, 97; *Matter of Rosenbush* v. *Keller,* Id. 282; *Matter of Leone* v. *Brewer,* 259 id. 386; *Matter of Kesbec, Inc.,* v. *Reville,* 246 App. Div. 694 [1st Dept.].) This anomalous situation is, therefore, presented: As to the first two grounds assigned for the refusal to issue the permit petitioner is entitled to apply to the courts directly for relief, while as to the third ground he must first exhaust his remedy before the local board of appeals. Under such circumstances the determination of the building inspector cannot be *adequately* reviewed by the local board of appeals. The courts are prohibited from assuming jurisdiction only if such a review is available. (Civ. Prac. Act, art. 78, § 1285, subd. 4.) The purpose of the new article 78 is to make the remedy therein provided more flexible and less technical. Hence, it is proper for the court to take jurisdiction and decide this entire controversy. Moreover, it appears that the third ground assigned for refusing the permit can be readily overcome, as the petitioner has submitted revised plans and offered to furnish whatever additional information is required to comply with the regulations of the Building Code. Order, in so far as appealed from, unanimously affirmed, with ten dollars costs and disbursements. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.