In the Matter of the Application of THE VILLAGE OF ISLAND PARK and Others, Petitioners, against BULK PLANTS, INC., STEPHEN A. BEDELL and Others, as Members of the Board of Appeals of the Town of Hempstead, and JOHN C. YOUNG, as Building Inspector of the Town of Hempstead, Respondents, for an Order to Review the Determination and Action of the Building Inspector of the Town of Hempstead, and the Action of the Board of Appeals of Said Town.

Second Department, December 11, 1939.

Benjamin Barondess, for the petitioners.

Frederick W. Shaw, for the respondent Bulk Plants, Inc.

James N. Gehrig, for the respondents board of appeals and building inspector.

PER CURIAM. This is a proceeding to review the action of the building inspector of the town of Hempstead in granting a permit to respondent Bulk Plants, Inc., to erect a 500,000-gallon gasoline tank on Wreck Lead, in the town of Hempstead, Nassau county, and also the determination of the board of zoning appeals of the town in dismissing petitioners' appeal from the action of the building inspector. The building inspector issued the permit on June 21, 1937, and on August 10, 1937, petitioners appealed to the board of zoning appeals from the action of the building inspector. If the building inspector had issued the permit under the zoning ordinance enacted under article 16 of the Town Law the board would have had jurisdiction to hear the appeal. But the permit was issued under the Building Code enacted pursuant to article 9, section 130, of the Town Law. As the Building Code was not enacted under article 16 but under article 9 of the Town Law (Matter of Cassety v. Dobson, 255 App. Div. 928), and as the jurisdiction of the board " is limited to consideration of matters arising under ordinances enacted under the provisions of article 16 of the Town Law," the board did not have jurisdiction to hear the appeal and properly dismissed it. If petitioners wished to review the action of the building inspector they should have instituted a proceeding within four months. As the proceeding was not commenced until November 12, 1937, petitioners' delay was fatal and the proceeding must be dismissed.

Moreover, in our opinion there is no merit in petitioners' contention that the Building Code adopted on April 14, 1936, effected

a repeal of the ordinance regulating storage of inflammable materials adopted on May 8, 1934, under which, in the first instance, the permit was issued by the town board. The Building Code discloses an intent to repeal only those prior ordinances which are in conflict with the requirements of the Building Code and to save all prior ordinances not in conflict therewith, except in so far as the Building Code imposes greater restrictions. An examination of the two ordinances discloses no conflict between them; one is supplementary to the other and an appropriate field of operation can be assigned to each and each enforced without conflict with the other. The evident purpose of the adoption of the inflammable ordinance in 1934 was to vest in the town board complete control over the erection and maintenance of gasoline storage tanks in the unincorporated areas of the town. At that time no provision for a building inspector existed, as now is provided in section 137 of the Town Law (effective May 3, 1936). Obviously, the town board has no facilities and its members were not equipped by training to pass upon the plans and specifications for the erection of the proposed tanks submitted in connection with the applications for permits for such work, and doubtless for that reason it incorporated in the ordinance a provision that " All plans and specifications in connection with the proposed tank or tanks shall be subject to the approval of the Planning Board " (§ 5). Thus, under the ordinance, the approval of the town board as to site and the planning board as to construction was necessary before a permit would be issued by the town board for the erection and maintenance of a gasoline storage tank. The Building Code subsequently enacted was not intended to, nor did it, divest the town board of its control over the sites of the proposed tanks. Reading the two ordinances together, it is quite evident that the town board was to retain its jurisdiction over the location of the proposed tanks, pursuant to the authority conferred on it by the inflammable ordinance, and that under the Building Code the building inspector was vested only with the jurisdiction over the construction of the proposed tanks formerly exercised by the planning board. This is clearly shown by the reservation set forth in the Building Code under subdivision b of section 1308, which reads as follows: " Approval by Town Board. No permit for the storage of flammable liquids shall be issued by the building inspector until he shall obtain from the Town Board approval of the site."

The proceeding should be dismissed, without costs.

LAZANSKY, P. J., HAGARTY, JOHNSTON, TAYLOR and CLOSE, JJ., concur.

Proceeding dismissed, without costs.