■ In the Matter of SCARSDALE-HARNEY CORPORATION, Respondent, against GEORGE M. BRIANTE, as Building Inspector of the Town of Eastchester, Appellant.— In a proceeding under article 78 of the Civil Practice Act, the Building Inspector of the Town of Eastchester appeals from an order of the Supreme Court, Westchester County, dated January 11, 1960, which: (a) directs him to issue a permit for the erection of a swimming pool on petitioner's property, upon which an apartment house had been built, and (b) which authorizes petitioner to eliminate from previously filed plans certain parking spaces. The Building Inspector had denied the application for such a permit upon the grounds that a swimming pool was not a permitted use in the district for which petitioner's property was zoned; that the proposed pool violated a set-back restriction; and that the Zoning Board of Appeals had previously established the minimum parking requirements which the petitioner's amended plans proposed to decrease. After the application was denied, petitioner appealed to the local Zoning Board of Appeals and a public hearing was held. While such appeal was pending and undetermined, petitioner commenced this article 78 proceeding to compel the issuance of the permit. In this proceeding the petitioner contends that the Building Inspector misinterpreted the ordinance and that a proper interpretation thereof permits the erection of the swimming pool. The petitioner did not allege that the ordinance was unconstitutional or invalid. The answer contained, *inter alia,* an affirmative defense asserting that petitioner had appealed to the Local Zoning Board of Appeals; that such appeal is pending and undetermined; and that said Local Board has jurisdiction to hear and determine the appeal as provided in the zoning ordinance. While this proceeding was pending before the learned Special Term, the Local Board made its decision in which it upheld the denial of the application. Although the Special Term had knowledge of such decision, nevertheless it rendered an opinion in which it granted to petitioner the relief sought; and the order appealed from was thereafter made and entered. Order reversed upon the law, with costs, and proceeding dismissed. The findings of fact have not been considered or affirmed. In our opinion, the appeal taken to the Local Zoning Board of Appeals rendered improper this proceeding before the Special Term. Therefore, it should have been dismissed. It appears to be undisputed that no judicial review has been sought of the Local Board's decision. The petitioner having properly invoked the jurisdiction of the Local Zoning Board of Appeals and having failed to seek a judicial review of its decision, such decision must be deemed a final determination which the court cannot now disturb. Assuming, *arguendo,* however, that the petitioner may be deemed to have abandoned its appeal to the Local Board by instituting the proceeding at bar, nevertheless the Special Term had no jurisdiction to entertain the proceeding. A judicial proceeding is not available to review the determination of an administrative official if, as here, such determination can be adequately reviewed by an appeal to some other body or officer (*Matter of Towers Management Corp.* v. *Thatcher,* 271 N. Y. 94; *Matter of Rosenbush* v. *Keller,* 271 N. Y. 282; *Matter of Cherry* v. *Brumbaugh,* 255 App. Div. 880; *Matter of Greene* v. *Dorman,* 229 App. Div. 743; *People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh,* 203 App. Div. 468; *People ex rel. Walsh* v. *Kleinert,* 200 App. Div. 836). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.