■ In the Matter of CLARENCE A. NOYES et al., Constituting the Town Board of the Town of Orangetown, Petitioners, v. ROBERT P. SLOCUM et al., Constituting the Board of Supervisors of Rockland County, Respondents.— Proceeding pursuant to article 78 of the Civil Practice Law and Rules, to review a determination of the respondent Rockland County Board of Supervisors, made December 26, 1963 after public hearing, establishing the Rockland County Sewer District No. 1. By order of the Supreme Court, Rockland County, made April 3, 1964 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. In our opinion, no triable issues of fact have been raised in this proceeding. Upon the entire record we conclude that the determination of the respondent Board of Supervisors of Rockland County was supported by substantial evidence. Furthermore, we find that there has been a substantial compliance with the statutory requirements set forth in the relevant sections of the County Law. The contemplated sewer district should not be invalidated by technical deviations or variations from the letter of the statute or by minor irregularities which do not essentially affect the proceeding (cf. 63 C. J. S., Municipal Corporations, § 1379). Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of JACK C. ROSENSTEIN, Appellant, v. RICHARD CURRAN et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Freeport, Respondents.— In a proceeding pursuant to article 78 of the former Civil Practice Act, to direct the Board of Zoning Appeals of the Incorporated Village of Freeport to grant to petitioner a variance, the petitioner appeals from an order of the Supreme Court, Nassau County, entered February 20, 1963, which denied the application. Order affirmed, without costs. In effect, the petitioner sought permission to vary the application of the local Building Code to his newly completed building. The building violated a provision of this code, and not any provision of the local Zoning Ordinance. Neither the statute (Village Law, § 179-b) nor the Building Code vested authority in the Board of Zoning Appeals to vary the application of the Building Code (cf. *Matter of Cassety [Dobson]*, 255 App. Div. 928; *Matter of Village of Is. Park* v. *Bulk Plants*, 258 App. Div. 185). In any event, the record discloses that petitioner's proof was not sufficient to sustain granting of the variance sought and that the action of the Board of Zoning Appeals in denying such relief was neither arbitrary nor capricious. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.