■ In the Matter of WESLEY CHAPEL, INC., Respondent, v. JAN H. VAN DEN HENDE, as Mayor of the Incorporated Village of Pomona, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR, the Village of Pomona and certain of its officials appeal (1) from a judgment of the Supreme Court, Rockland County, dated August 15, 1968, which (a) directed the appellant Village Building Inspector to issue building permits for petitioner's subdivision known as " Oak Ridge " and (b) enjoined the appellant Village Board of Trustees from directing said Building Inspector not to issue such permits, and (2) as limited by appellants' brief, from so much of an order of said court, dated November 12, 1968 and made on reargument, as, except for deleting a provision for costs, adhered to the original decision and judgment. Appeal from judgment dated August 15, 1968, dismissed as academic. The judgment was superseded by the order made upon reargument. Order dated November 12, 1968 affirmed insofar as appealed from. One bill of costs is granted to petitioner to cover both appeals. The Village of Pomona was created out of land lying in the Town of Ramapo and was incorporated on February 3, 1967. Under the statutory framework set up by article 3 of the Village Law (especially §§ 3–334, 3–352), the town's zoning ordinance, to be applied by town authorities, was in effect in the village until at least June 1, 1968, the earliest date when a village ordinance could supersede the town ordinance. Under this scheme, the Town's Planning Board found that the lots on petitioner's subdivision plat satisfied the minimum area requirements of the town's zoning ordinance and it accordingly granted approval thereto in the last week of May, 1968. Shortly thereafter, the village enacted a zoning ordinance (with a larger minimum area requirement than that of the town ordinance) which would require petitioner to resubmit its plat for village approval despite the earlier consent by the town. In our opinion, however, because of the Town Planning Board's approval, petitioner's plat became exempt from the operation of the newly enacted village ordinance for a period of time fixed by statute (Town Law, § 265-a; Village Law, § 179, subd. 2); and appellants could not constitutionally take away this exemption by the enactment of a village ordinance that was more restrictive than the predecessor Town Code (N. Y. Const., art. IX, § 2, subd. [c]). Section 179 (subd. 2) of the Village Law, which gives this exemption for various periods of time up to three years, is virtually the same as section 265-a of the Town Law, except that each statute applies to a separate entity, so that it does not matter under which of them petitioner acquired those rights. Moreover, with respect to appellants' contention that the Town Planning Board did not follow the proper procedure in approving the plat, they are barred from contesting the Planning Board's action at this late date (Village Law, § 179-q; Town Law, § 282). Finally, since an administrative body has no authority to rule on the constitutionality of a zoning ordinance, it would have served no useful purpose for petitioner to have sought redress from a zoning board of appeal; petitioner followed the correct procedure by instituting the instant CPLR article 78 proceeding (*Matter of Cherry* v. *Brumbaugh*, 255 App. Div. 880). Rabin, Acting P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.