■ In the Matter of PORTION PROPERTIES, INC., Appellant, v JAMES V. DE LUCA, as Building and Zone Administrator of the Town of Riverhead, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of James V. De Luca, the Building and Zone Administrator of the Town of Riverhead, dated January 18, 1985, denying the petitioner's application for a building permit for repair of fire damages to a building owned by it, the petitioner appeals (1) from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated March 18, 1985, which dismissed the proceeding on the ground that the petitioner had not exhausted its administrative remedies in that it had not appealed to the Board of Appeals of the Town of Riverhead, (2) from an order of the same court, dated June 21, 1985, denying the petitioner's motion for leave to renew; and (3) from an order of the same court, dated June 23, 1985, which, *sua sponte,* vacated the order dated June 21, 1985, and again denied the petitioner's motion for leave to renew.

Ordered that the appeal from the order dated June 21, 1985 is dismissed, without costs or disbursements, as that order was superseded by the order dated July 23, 1985, and it is further,

Ordered that the order dated July 23, 1985 is modified, by deleting the provision thereof which denied the motion for leave to renew and substituting therefor a provision granting renewal, and upon renewal, vacating the judgment dated March 18, 1985. As so modified, the order dated July 23, 1985 is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for determination of the merits, after an evidentiary hearing, in accordance herewith; and it is further,

Ordered that the appeal from the judgment is dismissed, without costs or disbursements, in light of our determination on the appeal from the order dated July 23, 1985.

The petitioner is the owner of a rooming house located in Riverhead, Suffolk County. The building was damaged by fire on or about March 16, 1984. At the time of the fire the rooming house use was a valid, nonconforming use. Riverhead Town Code § 108-51 pertains to zoning and provides in pertinent part:

"C. No nonconforming use may be reestablished where such nonconforming use has been discontinued for a period of one (1) year.

"D. Nothing in this chapter shall prevent the complete restoration within one (1) year of a building destroyed by accidental cause such as fire, flood, explosion, riot, act of God or act of the public enemy, nor prevent the continuance of the use of such building or part thereof. Such restored building shall not exceed the dimensions of the building destroyed."

Commencing October 17, 1984, the petitioner's engineer applied for and made continuing efforts to obtain a building permit to allow repair of the damage caused by a fire. The Riverhead Town Code provided that applications for building permits must be acted upon within five working days from the date of receiving the application. The petitioner's application however, was met with a succession of requests for further information and with rejections. Among the reasons given by the town's Building Department was that "since the structure had been damaged by fire to an extent greater than 50%", petitioner "must submit plans showing compliance with [the] current New York State Building Code * * * for the entire structure, in all respects".

The New York State Uniform Fire Prevention and Building Code provides the following with respect to existing buildings:

"1231.3 (a) The provisions of Subchapter B of this code shall apply to alterations, additions and repairs made to buildings.

"1231.3 (b) The provisions of Subchapter B shall apply to an entire existing building, as if hereafter erected when the cost of any alterations, additions or repairs made within any six-month period exceed *50 percent of the cost of replacement* of the building at the beginning of that six-month period" (9 NYCRR 1231.3 [a], [b] [emphasis supplied]).

The petitioner's papers also contained evidence that in 1982 town officials expressed a desire not to permit it to reopen its rooming house for reasons unrelated to the merits of this proceeding. The petitioner contended that the respondent was unlawfully rewriting the New York State Uniform Fire Prevention and Building Code (9 NYCRR 600.1 *et seq.),* and was arbitrarily, illegally and unconstitutionally seeking to deny the petitioner its right to timely rebuild its partially destroyed structure.

In response, the respondent asserted that under 9 NYCRR 1231.3 (b), the damage exceeded 50% of the cost of replacement, that the requirements of the State Code are fully applicable, and that each of the plans submitted by the petitioner did not meet either the requirements of the State Code or the building and housing requirements of the Town Code.

The respondent's answer included an affirmative defense that the petitioner did not seek review of the respondent's determination by the Zoning Board of Appeals of the Town of Riverhead prior to the commencement of this proceeding and, therefore, had not exhausted the administrative remedies available to it under the Town Zoning Code.

Special Term dismissed the proceeding on the ground that the "[p]etitioner has not exhausted its administrative remedies * * * this Article 78 proceeding is premature because petitioner has failed to appeal to the Board of Zoning Appeals of the Town of Riverhead pursuant to the Code of the Town of Riverhead, Section 108-76 (A)".

This determination was error. The issues presented in the proceeding involved not a zoning determination but the application and interpretation of the State and Town Building Codes with respect to repair of the fire-damaged premises. The Zoning Board of Appeals of the Town of Riverhead did not have jurisdiction under the Town Zoning Code to hear and determine an appeal from the respondent's determination on these Building Code issues. Riverhead Town Code chapter 108 is its zoning ordinance. Although section 108-76 (A) states that the Board of Appeals of the Town of Riverhead shall hear and decide appeals from and review any determinations made by the "Zoning Officer", and "Zoning Officer" is defined as "[a]ny person or agency designated by the Town board * * * to enforce the provisions of this chapter" (Riverhead Town Code § 108-3), it is manifest that those provisions did not empower the Board of Appeals to review determinations by the town's Building Department involving the application and interpretation of the construction requirements of the State Building Code (see, Matter of Cassety v Dobson, 255 App Div 928, rearg denied 256 App Div 895; Matter of Village of Is. Park v Bulk Plants, 258 App Div 185; Matter of Rosenstein v Curran, 21 AD2d 802; cf. Matter of Cherry v Brumbaugh, 255 App Div 880). Further, Riverhead Town Code § 108-76 (A) did not and could not give the Board of Appeals jurisdiction to determine whether the respondent was arbitrarily and deliberately interpreting and enforcing the State and Town Building Codes in an unconstitutional manner designed to impede and deprive the petitioner of its right to maintain the nonconforming use by lawfully repairing the fire-damaged premises within one year of the fire damage (see, Matter of Cherry v Brumbaugh, supra; Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57).

Under all of these circumstances, the petitioner was not

required to take and exhaust an administrative review. Accordingly, the petition should have been and must now be determined on its merits by the Supreme Court. Further, we find that an evidentiary hearing is required to fully resolve the issues of whether the respondent's decision was arbitrary or unlawful, including the question of whether the cost of repair was more than 50% of the building's replacement cost, and whether the respondent was attempting to deliberately deprive the petitioner of lawful rights under the Town Code to timely repair the building and thus retain its lawful nonconforming use. Rubin, J. P., Lawrence, Kooper and Spatt, JJ., concur.