■ In the Matter of WE'RE ASSOCIATES COMPANY, Appellant, v̆ COMMISSIONER OF THE DEPARTMENT OF PLANNING AND DEVELOPMENT OF THE TOWN OF OYSTER BAY et al., Respondents.— In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Planning and Development of the Town of Oyster Bay, dated December 15, 1986, which denied the petitioner's application for a building permit, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burstein, J.), dated April 1, 1988, which dismissed the proceeding for failure to exhaust available administrative remedies.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of realty consisting of two lots, one of which consists of over seven acres of unzoned land and the other of which is an oddly-shaped residentially-zoned parcel of just under one acre in size. The petitioner was denied a building permit for the construction of an office building for the reason that that use is not permitted

in a residential district. Although it appears that the proposed building was to be located entirely on the unzoned portion of the site, the requested building permit applied to the entire parcel.

The Supreme Court correctly determined that the petitioner failed to make any showing that it could not obtain a reasonable return on its property under any permitted use (see, *Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Williams v Town of Oyster Bay,* 32 NY2d 78, 81). Although the petitioner could properly employ that portion of the site which remained unzoned for the proposed business purpose, this right does not extend to that section which is residentially zoned. In addition, while the residentially-zoned section is apparently too small and oddly shaped to be used separately for that purpose, it could nevertheless be successfully developed if combined with all or a part of the unzoned parcel.

Since no unconstitutional taking of property issues were presented (see, *Matter of Nassau Children's House v Board of Zoning Appeals,* 77 AD2d 898; *Matter of Wesley Chapel v Van Den Hende,* 32 AD2d 565, *mod on other grounds* 25 NY2d 930), the trial court properly dismissed the proceeding on the grounds that the petitioner failed to exhaust its available administrative remedy of appeal to the Zoning Board of Appeals (see, Town Law § 267 [2]; *Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *City of New York v East N. Y. Wrecking Corp.,* 161 AD2d 489; *St. Paul Fire & Mar. Ins. Co. v Capri Constr. Corp.,* 160 AD2d 381, 383; *cf., Matter of Ward v Bennett,* 79 NY2d 394).

The petitioner's assertion that this court is bound to reverse the judgment appealed from pursuant to the "law of the case" doctrine is without merit (see, *Gray v Sandoz Pharms.,* 123 AD2d 829; *see generally,* 1 Carmody-Wait 2d, NY Prac §§ 2:67, 2:68).

In view of the foregoing, we need not reach the parties' remaining contentions. Balletta, J. P., O'Brien, Ritter and Copertino, JJ., concur.