■ In the Matter of GEORGE SHANK et al., Appellants, v TOWN OF DRYDEN et al., Respondents. [600 NYS2d 772] —Weiss,

P. J. Appeal from a judgment of the Supreme Court (Relihan, J.), entered July 8, 1992 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town of Dryden denying petitioners' application for a special use permit.

On July 7, 1991, petitioner Roy H. Rizzo applied to respondent Town of Dryden Board of Zoning Appeals (hereinafter the ZBA) for a land use variance to permit the expansion of his mobile home park from 14 units to 20 units without municipal water and sewer as required by the Mobile Home Park Ordinance (hereinafter MHPO) enacted by respondent Town of Dryden. The ZBA assumed jurisdiction of the application by referring to the MHPO as part of Dryden Town Zoning Ordinance, and granted the use variance on July 30, 1991. Subsequently, on September 16, 1991, Rizzo contracted to sell the park to petitioner George Shank. That contract refers to the premises as "currently approved for and used as a 14-unit mobile home park" without any reference to an enlargement. Thereafter, petitioners applied to the Dryden Town Board for a special use permit for a six-lot expansion of the mobile home park. The Town Board concluded that the MHPO requirement that mobile home parks could only be extended in areas served by municipal water and sewer was applicable and denied the application for a special use permit. The purchase contract had been closed while the matter was pending before the Town Board and title had already been transferred to Shank. Petitioners then commenced this proceeding pursuant to CPLR article 78 seeking an order upholding the validity of the use variance previously granted by the ZBA and to compel the issuance of a special use permit by the Town Board. Supreme Court dismissed the petition and upheld the requirement in the MHPO mandating municipal water and sewer for new and expanded mobile home parks, and further held that respondents were not estopped by the use variance which had been issued by the ZBA. This appeal by petitioners ensued.

The jurisdiction of the ZBA is limited to the granting of a variance for petitioners' proposed mobile home park expansion only to the extent that the park could continue as a prior nonconforming land use. However, because the MHPO was not a zoning ordinance, the ZBA was wholly without jurisdiction to alter the requirements of the local statute (see, Matter of Rosenstein v Curran, 21 AD2d 802; see also, Town Law

§§ 267, 267-a, 267-b; *Matter of Clark v Board of Zoning Appeals,* 301 NY 86, 90-91, *cert denied* 340 US 933). Nor could the erroneous issuance of a use variance by the ZBA vest petitioners with an entitlement to a building permit *(see, Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 279-282, *cert denied* 488 US 801; *see also, Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals,* 176 AD2d 1157, *lv denied* 79 NY2d 754). Therefore, Supreme Court was correct in dismissing the petition.

Finally, the arguments in which petitioner has challenged first the timeliness of the Town Board's determination of its exclusive jurisdiction concerning the MHPO and, second, the legislative rationality of the MHPO, have been asserted for the first time in their brief on this appeal. Because these contentions were neither pleaded nor addressed below, they are not properly before this Court and we decline to consider them *(see, Lavine v Lavine,* 127 AD2d 566, 567; *see also, Risucci v Homayoon,* 122 AD2d 260, 261).

Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.