■ In the Matter of RICHARD LaROCCA, Appellant, v DEPART-MENT OF PLANNING, ENVIRONMENT, AND DEVELOPMENT OF TOWN OF BROOKHAVEN, et al., Respondents. [3 NYS3d 98]—

In a proceeding pursuant to CPLR article 78, in effect, to review a determination of the Building Department of the Town of Brookhaven dated June 6, 2012, denying the petitioner's application for a building permit, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Rebolini, J.), dated May 16, 2013, which granted the motion of the Department of Planning, Environment, and Development of the Town of Brookhaven, Building Department of the Town of Brookhaven, and the Town of Brookhaven to dismiss the petition for failure to exhaust administrative remedies, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner commenced this CPLR article 78 proceeding seeking review of the denial of his application for a building permit by the Building Department of the Town of Brookhaven. That agency, together with the other respondents named in the petition, moved to dismiss the petition on the ground that the petitioner had failed to exhaust his administrative remedies.

"As a general rule, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*Matter of Keener v City of Middletown*, 115 AD3d 859, 860 [2014], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Henderson v Zoning Bd. of Appeals*, 72 AD3d 684, 685-686 [2010]; *Matter of We're Assoc. Co. v Commissioner of Dept. of Planning & Dev. of Town of Oyster Bay*, 185 AD2d 820, 821 [1992]; *Matter of Perosi Homes v Maniscalco*, 15 AD2d 563 [1961]). Here, the petitioner failed to pursue an available administrative remedy—an appeal to the Board of Zoning Appeals of the Town of Brookhaven—prior to seeking judicial intervention (*see* Town Law § 267-a; Code of Town of Brookhaven § 85-55). The petitioner also failed to establish that an exception to the exhaustion doctrine was applicable (*see Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d at 57). Accordingly, the Supreme Court properly granted the respondents' motion to dismiss the petition, and dismissed the proceeding. Balkin, J.P., Chambers, Hinds-Radix and Maltese, JJ., concur.