■ In the Matter of CARNELIAN FARMS, LLC, et al., Respondents, v VILLAGE OF MUTTONTOWN BUILDING DEPARTMENT et al., Appellants. [56 NYS3d 554]—

Appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (John M. Galasso, J.), entered April 7, 2016. The order and judgment denied the motion of the Village of Muttontown Building Department, Robert Ikes,

Kenneth Gehringer, Anthony Toscano, Julianne Wesley Beckerman, Robert Censi, the Incorporated Village of Muttontown, "John Doe," said name being fictitious and unknown to petitioners, the person or party intended to be the Superintendent of the Village of Muttontown Building Department, and "John Doe #2 through John Doe #5," said names being fictitious and unknown to petitioners, the persons or parties intended to be Village of Muttontown Building Inspectors, to dismiss, for failure to exhaust administrative remedies, the petition pursuant to CPLR article 78 to review a determination of the Village of Muttontown Building Inspector requiring the petitioners to obtain additional building permits, and granted the petition.

Ordered that the order and judgment is reversed, on the law, with costs, the appellants' motion to dismiss the petition is granted, and the proceeding is dismissed.

The petitioners, Carnelian Farms, LLC, and Hunter's Moon Farm, LLC, are the owner and lessee, respectively, of an approximately 60-acre commercial horse boarding and training facility. The facility was in the process of being renovated and upgraded to include an indoor riding arena and other site improvements, which had been approved by the Village of Muttontown Board of Trustees. As the petitioners were in the process of installing underground water services, including water mains and a fire hydrant, a stop work order was issued by the Village of Muttontown Building Inspector on the basis that the petitioners had failed to obtain a permit for that work.

The petitioners immediately commenced this CPLR article 78 proceeding against the Incorporated Village of Muttontown and the Village of Muttontown Building Department, among others (hereinafter collectively the municipal parties), to review the Building Inspector's determination that an additional permit was necessary. The municipal parties moved to dismiss the petition, contending, inter alia, that the petitioners had failed to exhaust all administrative remedies prior to commencing the CPLR article 78 proceeding. The Supreme Court denied the municipal parties' motion and granted the petition. The municipal parties appeal.

"As a general rule, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*Matter of Keener v City of Middletown*, 115 AD3d 859, 860 [2014], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of Aliano v Oliva*, 72 AD3d 944, 946 [2010]).

Here, the petitioners failed to exhaust all available administrative remedies under Code of the Village of Muttontown

§ 190-37 (A), and failed to establish that an exception to the exhaustion doctrine was applicable (*see Matter of Sybalski v Delaney*, 140 AD3d 776 [2016]; *Matter of LaRocca v Department of Planning, Envt., & Dev. of Town of Brookhaven*, 125 AD3d 659 [2015]).

Accordingly, the Supreme Court should have granted the municipal parties' motion, in effect, to deny the petition and dismiss the proceeding.

In light of our determination, we need not reach the municipal parties' remaining contentions. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.