Appeal from a judgment of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated June 22, 2015. The judgment, upon an order of that court dated May 13, 2015, granting that branch of the respondents’ cross motion which was pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition filed pursuant to CPLR article 78 for failure to exhaust administrative remedies, denied the petition and dismissed the proceeding.
 

 Ordered that the judgment is affirmed, with costs.
 

 The petitioner commenced this proceeding pursuant to CPLR article 78 against the Town of Southold and others (hereinafter collectively the respondents) to revoke a building permit issued by the Town. In an order dated May 13, 2015, the Supreme Court granted that branch of the respondents’ cross motion which was pursuant to CPLR 3211 (a) and 7804 (f) to dismiss the petition for failure to exhaust administrative remedies. On June 22, 2015, the court issued a judgment, which, upon the order, denied the petition and dismissed the proceeding. The petitioner appeals.
 

 The Supreme Court properly denied the petition and dismissed this CPLR article 78 proceeding on the ground that the petitioner failed to exhaust his administrative remedies (see CPLR 7801 [1]). The petitioner must first challenge the issuance of the subject building permit before the Town’s Zoning Board of Appeals (hereinafter ZBA) (see Southold Town Code § 280-146 [A]; see also Town Law § 267-a; Southold Town Code § 144-12). Since the petitioner failed to challenge before the ZBA the building permit prior to commencing this proceeding, and he failed to allege an exception to the rule requiring exhaustion of administrative remedies, the petition was properly denied and the proceeding dismissed (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978]; Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 845, 846-847 [2017]).
 

 The parties’ remaining contentions either need not be reached in light of our determination or are without merit.
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.