Matter of Ferraro v State Univ. of N.Y. at Purchase Coll. (2018 NY Slip Op 04320)





Matter of Ferraro v State Univ. of N.Y. at Purchase Coll.


2018 NY Slip Op 04320


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-08027
 (Index No. 1499/15)

[*1]In the Matter of Juliette Ferraro, petitioner, 
v
State University of New York at Purchase College, et al., respondents.


John G. Poli III, P.C., Huntington, NY, for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Philip V. Tisne of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent State University of New York at Purchase College dated November 7, 2014. The determination upheld a decision of the Disciplinary Hearing Committee of the respondent State University of New York at Purchase College dated October 30, 2014, finding that the petitioner violated certain provisions of the school's community standards code of conduct and, inter alia, suspended her from the school.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was charged with certain violations of the community standards code of conduct at the respondent State University of New York at Purchase College (hereinafter the college). Following an administrative hearing, the college's Disciplinary Hearing Committee (hereinafter the hearing committee) sustained charges against the petitioner of unwanted sexual touching of a fellow student and underage consumption of alcohol. The petitioner was advised of the hearing committee's decision and of her right to an administrative appeal, but she declined to
pursue any administrative review and indicated that she fully accepted the hearing committee's decision. In a determination dated November 7, 2014, the college upheld the hearing committee's decision and imposed the sanction of suspension of the petitioner from attendance at the college. The petitioner subsequently commenced this proceeding pursuant to CPLR article 78 to review the determination, and the Supreme Court, Westchester County, transferred the matter to this Court pursuant to CPLR 7804(g).
We find unpersuasive the petitioner's contention that she was denied due process by the alleged failure of the hearing committee to support its decision with a statement of factual findings and the evidence upon which it was based. While such a statement must be provided (see Matter of Boyd v State Univ. of N.Y. at Cortland, 110 AD3d 1174, 1175; Matter of Kalinsky v State Univ. of N.Y. at Binghamton, 161 AD2d 1006, 1007), the hearing decision in this case satisfied this requirement by including a concise statement of both the evidence relied upon and the specific conduct of the petitioner which constituted the violations, thereby giving her notice of the basis for the decision (see Matter of Lambraia v State Univ. of N.Y. at Binghamton, 135 AD3d 1144, 1146-[*2]1147). Similarly, the petitioner's challenge to the sanction imposed is without merit, since that sanction was premised on the seriousness of the offenses and the circumstances under which the petitioner was found responsible, and the penalty was not so disproportionate to the offenses as to shock the Court's sense of fairness (see Matter of Powers v St. John's Univ. Sch. of Law, 25 NY3d 210, 218; Matter of Featherstone v Franco, 95 NY2d 550, 554; Matter of Idahosa v Farmingdale State Coll., 97 AD3d 580, 581; Matter of Galiani v Hofstra Univ., 118 AD2d 572).
The petitioner's remaining nonconstitutional challenges to the adequacy of the evidence against her and to the procedures and rulings of the hearing committee are barred by her failure to exhaust administrative remedies, since she affirmatively waived her right to an administrative appeal and accepted the findings and conclusions of the hearing committee (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; Young Men's Christian Assn. v Rochester Pure Water Dist., 37 NY2d 371, 375; Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 845, 846; Matter of Lauriero v New York City Dept. of Consumer Affairs, 41 AD3d 717, 719; Matter of Dozier v New York City, 130 AD2d 128, 135).
Contrary to the petitioner's assertions, the hearing committee was not required to consider or apply any provisions of the New York State Penal Law in reaching its decision, since she was neither charged nor prosecuted by the school under the Penal Law.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court