Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals (2021 NY Slip Op 06172)





Matter of Mutual Aid Assn. of the Paid Fire Dept. of the City of Yonkers, N.Y., Inc. v City of Yonkers Zoning Bd. of Appeals


2021 NY Slip Op 06172


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2019-04925
 (Index No. 61019/18)

[*1]In the Matter of Mutual Aid Association of the Paid Fire Department of the City of Yonkers, New York, Inc., etc., respondent,
v
City of Yonkers Zoning Board of Appeals, et al., appellants.


Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Alain M. Natchev of counsel), for appellant City of Yonkers Zoning Board of Appeals.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Mark P. Weingarten and Diana Bunin Kolev of counsel), for appellants FC Yonkers Associates, LLC, Forest City Ratner Companies, LLC, and Forest City Ratner Companies.
Zarin & Steinmetz, White Plains, NY (Jody T. Cross, Timothy B. Rode, and Marsha Rubin Goldstein of counsel), for appellant Lowe's Home Centers, LLC.
Silverberg Zalantis, LLC, Tarrytown, NY (Katherine Zalantis and Christie Tomm Addona of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the City of Yonkers Zoning Board of Appeals dated June 19, 2018, the City of Yonkers Zoning Board of Appeals appeals, FC Yonkers Associates, Forest City Ratner Companies, LLC, and Forest City Ratner Companies separately appeal, and Lowe's Home Centers, LLC, separately appeals, from a judgment of the Supreme Court, Westchester County (Anne E. Minihan, J.), dated April 5, 2019. The judgment granted the petition, annulled the determination dated June 19, 2018, and remitted the matter to the City of Yonkers Zoning Board of Appeals.
ORDERED that the judgment is reversed, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, the petition is denied, and the proceeding is dismissed.
On March 14, 2018, the Yonkers Department of Housing and Buildings issued a certificate of occupancy to Lowe's Home Centers, LLC (hereinafter Lowe's), in connection with an improvement located in the City of Yonkers. The improvement is part of a larger development known as Ridge Hill, which was approved in 2006. The petitioner, a union representing active firefighters of the City's Fire Department, maintains that the mitigation measures identified during Ridge Hill's environmental review undertaken pursuant to the State Environmental Quality Review Act (hereinafter SEQRA) included the construction of a new firehouse. The petitioner appealed the [*2]certificate of occupancy to the City's Zoning Board of Appeals (hereinafter the ZBA), arguing that it was not validly issued given the absence of any firm plans to construct the new firehouse. On June 19, 2018, the ZBA dismissed the petitioner's appeal for lack of jurisdiction.
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. The petitioner named Lowe's, the ZBA, and FC Yonkers Associates, LLC, Forest City Ratner Companies, LLC, and Forest City Ratner Companies (hereinafter collectively the Ridge Hill developers) as respondents. By judgment dated April 5, 2019, the Supreme Court granted the petition, annulled the ZBA's determination, and remitted the matter to the ZBA. This appeal ensued.
"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, a zoning board's interpretation of its zoning ordinance is entitled to great deference, and judicial review is generally limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of Brancato v Zoning Bd. of Appeals of City of Yonkers, N.Y., 30 AD3d 515, 515 [citations omitted]). "Nevertheless, a narrow but well recognized exception to this rule exists where the question is one of pure legal interpretation of statutory terms, in which case deference to the zoning board is not required" (id. [internal quotation marks omitted]; see Matter of 151 Rte. 17M Assoc., LLC v Zoning Bd. of Appeals of Vil. of Harriman, 19 AD3d 422, 424).
The Yonkers City Code vests the Yonkers Department of Housing and Buildings with the authority to issue a certificate of occupancy where a final inspection reveals that "the proposed work has been completed in accordance with the New York Uniform Code, the Yonkers Fire and Building Code and all other applicable laws, statutes, ordinances, rules and regulations and also in accordance with the approved building permit" (Yonkers City Code § 56-41[C]; see Yonkers City Code § 43-152[A][1]). Such certificates "may continue in effect as long as such occupancy is in full compliance with the provisions of" the Yonkers Zoning Ordinance "and any requirements made in connection therewith at the time of issuance thereof" (Yonkers City Code § 43-152[A][6]). "The details of any statement or plan approved by the [Yonkers] City Council, Planning Board, [ZBA], the Design Review Board, the Landmarks Preservation Board, the Commissioner of the Department of Housing and Buildings, or the Planning Director, acting under the terms of" the Yonkers Zoning Ordinance "and all other local laws, and any conditions attached to such approval, shall be deemed to be such requirements" (Yonkers City Code § 43-152[A][6]). Critically, the Yonkers City Code divides appellate authority over determinations made by the Yonkers Department of Housing and Buildings among several bodies depending on the subject matter of the challenge (see Yonkers City Code §§ 43-144[A]; 56-7[B], [C]). The ZBA's jurisdiction to review such determinations is limited to matters relating to the enforcement of the Yonkers Zoning Ordinance (see Yonkers City Code § 43-144[A]), which is codified within chapter 43 of the Yonkers City Code (see Yonkers City Code §§ 43-1 et seq.). Appeals relating to other subjects, such as compliance with the New York State Uniform Fire Prevention and Building Code (see Yonkers City Code §§ 55-1 et. seq.), the Yonkers Fire Code (see Yonkers City Code §§ 59-1 et seq.), the Yonkers Building and Electrical Code (see Yonkers City Code §§ 56-1 et seq.), or the Yonkers Plumbing and Drainage Code (see Yonkers City Code §§ 57-1 et seq.), is reserved for the New York State Board of Review or the Yonkers Board of Appeals (see Yonkers City Code § 56-7[B], [C]).
Here, the basis for the petitioner's appeal of the Yonkers Department of Housing and Building's issuance of the certificate of occupancy to Lowe's was not grounded in the enforcement of any use or dimensional requirement set forth in the Yonkers Zoning Ordinance. The petitioner instead alleged noncompliance with certain purported mitigation requirements imposed during the SEQRA process.
The Supreme Court held, and the petitioner contends, that the ZBA had jurisdiction over the petitioner's appeal because the authority to issue certificates of occupancy is partly defined within the Yonkers Zoning Ordinance (see Yonkers City Code § 43-152[A][1], [6]), and because the Yonkers Zoning Ordinance demands compliance with SEQRA during an approving agency's "review of site plan applications" (Yonkers City Code § 43-114). This interpretation contravenes [*3]the plain language of the Yonkers Zoning Ordinance. Section 43-152 conditions the issuance of a certificate of occupancy upon "compliance with all the provisions of" the Yonkers Zoning Ordinance "and of all other ordinances of the City of Yonkers that pertain to the construction, occupancy and use" of structures, and provides that they "may continue in effect as long as such occupancy is in full compliance with the provisions of" the Yonkers Zoning Ordinance "and any requirements made in connection therewith," including conditions made by a variety of regulators "acting under the terms of" the Yonkers Zoning Ordinance "and all other local laws" (Yonkers City Code § 43-152[A][1], [6]).
The Supreme Court's interpretation would thereby extend the ZBA's powers of review into questions concerning all of these other local laws and ordinances, including, for example, the Yonkers Building and Electrical Code and the Yonkers Plumbing and Drainage Code, and the ordinance directing compliance with state building and fire prevention regulations. The Yonkers City Code unambiguously reserves these questions for other appellate bodies (see Yonkers City Code § 56-7[B], [C]). The court's reliance on section 43-114 is also inapposite, because, among other things, the approving agency charged with the responsibility to review site plan applications in accordance with SEQRA is the Yonkers Planning Board (see Yonkers City Code §§ 43-95, 43-114). The issue raised in this proceeding is the extent of the ZBA's authority to review determinations of the Yonkers Department of Housing and Buildings, not the Yonkers Planning Board. And to whatever extent conditions imposed upon site plan approval that arise as a result of the SEQRA process qualify as a "condition attached to such approval" within the meaning of section 43-152, it cannot affect the ZBA's jurisdiction since that same provision conditions the issuance of a certificate of occupancy upon compliance with "all other ordinances of the City of Yonkers" as well (Yonkers City Code § 43-152[A][1], [6]). The mere reference within the Yonkers Zoning Ordinance to regulatory schemes other than use and dimensional requirements therefore cannot have the effect of expanding the ZBA's jurisdiction, as this would infringe upon the appellate authority reserved for other land use regulators (see Yonkers City Code § 56-7[B], [C]).
Since the petitioner's appeal to the ZBA did not allege noncompliance with any use or dimensional regulations in the Yonkers Zoning Ordinance, the ZBA correctly determined that it lacked jurisdiction (see Yonkers City Code § 144[A]; Matter of Shank v Town of Dryden, 195 AD2d 858, 859-860; Matter of Portion Props. v De Luca, 126 AD2d 650, 652). Accordingly, the Supreme Court should have denied the petition and dismissed the proceeding.
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., CHRISTOPHER, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court