■ JUSTINE L. LAMBERT, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 37626.) — AULISI, J. Appeal from a judgment entered April 14, 1966, upon a decision of the Court of Claims. Claimant's property is situated on Long Island in the Town of Babylon in western Suffolk County near the Nassau County line. Before the taking, it consisted of about 236 acres and was flat and regular to grade. The property was cut into four quadrants by the intersection of State Routes 110 and 109, two heavily travelled highways on Long Island. In 1955 the entire property was zoned Residential C, but at that time the court found that there was a reasonable probability of rezoning to Industrial G, which actually occurred in May, 1960. The State appropriated for highway purposes approximately 22 acres consisting of 18 parcels of claimant's land. These parcels can be divided into three groups for reference here. The first group consists of seven parcels and the maps for these were filed in the office of the Secretary of State on or before May 19, 1955, in the Suffolk County Clerk's office from March 22, 1955 to June 10, 1955, and the date of the State's entry on these parcels was June 1, 1955. With regard to the second group of parcels, also seven in number, the maps were filed in the Secretary of State's office on or before May 19, 1955. The date of the State's entry was June 1, 1955, but for some reason, the maps were not filed in the county clerk's office until March 31, 1958. The third group consists of four parcels and both the date of entry and the filing of the maps in the county clerk's office was in November, 1958. The trial court valued the parcels separately and used as valuation dates the various dates of vesting. The court also granted a fair rental value for the use of those areas which were entered June 1, 1955, but not appropriated until March and November, 1958. The State's main contention on this appeal is that the entry by the State on the seven parcels in group two constituted a *de facto* taking of those parcels and, therefore, they should have been valued as of June 1, 1955, not as of March 31, 1958 when the maps were filed in the county clerk's office. With this contention we are in agreement. The trial court's decision herein was made before this court's decision in *Kahn* v. *State of New York* (27 A D 2d 476) which case is in point.

In *Kahn* the Court of Claims had made an additional award for "entry damages" which were rental damages, upon a finding that a *de facto* taking had occurred one year before the record "taking" by the State when it filed its maps in the county clerk's office. This court (p. 478) agreed that the State's prior entry constituted a *de facto* taking, saying, "Indeed, the demand for, and proof of damages for the entire period would appear inconsistent with any other theory." Although the court in the instant case did not make a finding of a *de facto* taking, it appears that both parties and the court are agreed that the State entered upon and possessed the seven parcels in group two in 1955. Thus, the conclusion seems inescapable that as to these parcels, a *de facto* appropriation occurred on June 1, 1955. As in *Kahn*, the court's award of rental damages for the three year period would be inconsistent with any other theory. The court, therefore, should have awarded permanent damages from June 1, 1955, which is also the proper valuation date for the seven parcels in group two. The *Kahn* case made clear that a separate award for rental damages when there is a permanent appropriation should not be made (see, also, *Ley* v. *State of New York*, 28 A D 2d 943, 944; *Utilities & Inds. Corp.* v. *State of New York*, 27 A D 2d 489, mod. 28 A D 2d 957, mot. to dsm. app. den. 20 N Y 2d 775). The claimant asks that we reconsider our decision in *Kahn* in light of *Leeds* v. *State of New York* (20 N Y 2d 701). We find that the *Leeds* case lends support to our holding in *Kahn* that when the State enters upon land, a *de facto* taking occurs and damages are therefore to be awarded as of the date of entry. Inasmuch as the claimant, in adducing her primary proof concerning the seven parcels in group two, proceeded upon an erroneous theory of law, which was adopted by the trial court, the judgment should be reversed and a new trial ordered (see *Latham Holding Co.* v. *State of New York*, 16 N Y 2d 41, 44). Judgment reversed, on the law and the facts, without costs, and a new trial ordered. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Aulisi, J.