■ GERALD K. CARPENTER, Individually and as Administrator of the Estate of FRANCES E. R. CARPENTER, Respondent, v KATIE BRIGGS et al., Defendants, and TOMPKINS COUNTY TRUST COMPANY, Appellant.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Ellison, J.), entered May 29, 1987 in Tompkins County, which denied defendant Tompkins County Trust Company's motion to dismiss the complaint against it for failure to state a cause of action.

Plaintiff's intestate allegedly was struck and fatally injured by a van while she was traversing the parking lot of defendant Tompkins County Trust Company (hereinafter the Bank) en route to the Bank itself for the purpose of cashing her paycheck. Money damages are sought from the owner, operator and manufacturer of the van, as well as the Bank.

Plaintiff's complaint, insofar as it is directed at the Bank, avers: "29. That the defendant TOMPKINS COUNTY COMPANY was negligent in that it failed adequately to design the parking area so as to provide safe ingress and egress from the bank facilities * * *. Said defendant failed to provide adequate parking, failed to design and maintain adequate walkways and crosswalks, failed to provide warnings to pedestrian traffic and vehicular traffic, and failed adequately to provide for the safe flow of pedestrian and vehicular traffic upon the premises." In response to the Bank's demand for a bill of particulars seeking information as to the alleged improper design, construction or maintenance of the parking lot, plaintiff merely referred back to the allegations in the complaint. Although discovery had not yet been had, the Bank, following receipt of the bill of particulars, moved to dismiss the complaint for failure to state a cause of action (CPLR 3211 [a] [7]). The Bank contends that the claims against it are general and conclusory and, therefore, insufficient in law, and further that the design of the parking lot did not in any way contribute to the happening of the accident. Supreme Court's denial of the Bank's motion prompted this appeal; we affirm.

A pleading is sufficiently particular if it furnishes the parties and the court with adequate notice of the nature and material elements of the pleader's claim (CPLR 3013; see, Foley v D'Agostino, 21 AD2d 60, 62-63). Here plaintiff has stated a cognizable claim that the Bank negligently designed and maintained its parking lot in such a way that its customers are required to walk through an area of vehicular traffic, yet the Bank provided neither adequate walkways or warnings nor for the safe passage of its pedestrian patrons. Given that on a CPLR 3211 (a) (7) motion the pleadings are to be

liberally construed in favor of the complainant *(see, e.g., Reifenstein v Allstate Ins. Co.,* 92 AD2d 715, 716), Supreme Court rightly concluded that a legally sufficient cause of action was stated *(see, e.g., Kolb v George,* 17 NY2d 837); whether this claim is ultimately provable need not be demonstrated at this juncture.

As for the Bank's second argument, it does nothing more than raise a fact issue which cannot be resolved until after the facts have been fully developed, as was the case in *Margolin v Friedman* (43 NY2d 982), relied upon by the Bank.

Order affirmed, with costs. Kane, J. P., Casey, Yesawich, Jr., and Levine, JJ., concur.