■ DONALD GREENMAN et al., Appellants, v CITY OF CORTLAND, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Tait, Jr., J.), entered October 9, 1987 in Cortland County, which granted defendant's motion to dismiss the complaint.

Plaintiffs Donald and Dorothy Greenman (hereinafter plaintiffs) own property on Otter Creek Road in the City of Cortland, Cortland County. It appears that in 1970 defendant applied blacktop to a sidewalk adjacent to plaintiffs' property for the purpose of widening Otter Creek Road. Plaintiffs took exception to this action and, at the time, demanded that the blacktop be removed and complained that the widening of the road had created safety problems. Some time later, in 1977, plaintiffs insisted that the road be made a one-way street. This action was commenced in June 1987. The *pro se* complaint, taking the form of a letter, states "CLASS ACTION" at the top

and alleges in the portion designated "SUMMONS AND COMPLAINT": "On or before July 15, 1970 [defendant] stole our sidewalk (4' wide) by blacktopping it making it a part of Otter Creek road." In a portion of the complaint designated "USAGE FEE", which we interpret to be the ad damnum clause, it states: "$3.00 per day from July 15, 1970 to June 22, 1987, a total of 16 years, 11 months, 7 days" and, further, "To restore Otter Creek to State Guide Lines—one way traffic, sidewalk and curb. Suggested flow of traffic—Groton Avenue to Broadway." Defendant moved to dismiss the complaint for failure to state a cause of action or to file a notice of claim (see, General Municipal Law § 50-e), for noncompliance with class action requirements (see, CPLR art 9) and as barred by the applicable Statute of Limitations. Plaintiffs cross-moved for judgment. Supreme Court granted defendant's motion to dismiss. This appeal ensued.

We affirm. The complaint, even construed liberally in favor of plaintiffs, as it must be (see, Carpenter v Briggs, 136 AD2d 817, 818), does not state a cause of action. Plaintiffs' failure to allege title to the affected realty is fatal (see, Duggan v Hyland, 50 AD2d 1066), particularly in view of the fact that sidewalks are generally considered to be part of the street (see, Williams v State of New York, 34 AD2d 101, 104; 64 NY Jur 2d, Highways, Streets, and Bridges, § 6, at 326). Further, since the complaint alleges that blacktopping of the sidewalk constituted a de facto taking of the property for highway use, rather than mere interference with its use and enjoyment (see, Sporn v MCA Records, 58 NY2d 482, 487; Carr v Town of Fleming, 122 AD2d 540, 541), the Statute of Limitations began to run in 1970 and the action is time barred (see, CPLR 212 [a]; 214 [4]).

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.