■ Francisco DaSilva et al., Respondents, v C & E Ventures, Inc., et al., Defendants, and Port Authority of New York & New Jersey, Appellant. (And a Third-Party Action.) [922 NYS2d 32]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered October 30, 2008, which, to the extent appealed from as limited by the briefs, denied the motion by defendant Port Authority (PA) for summary judgment dismissing the complaint against it in its entirety, or for a declaration that the law of New Jersey rather than New York governs, and granted plaintiff Liard's cross motion for leave to supplement his bill of particulars, unanimously affirmed, without costs.

In this action for personal injuries arising from plaintiffs' exposure to lead during lead paint abatement they performed on the George Washington Bridge, defendant PA argues, inter alia, that plaintiffs' injuries occurred while they were performing work on the portion of the bridge that is located in New Jersey and that applicable New Jersey law requires dismissal of plaintiffs' claims. The PA also argues that plaintiff Liard, the only plaintiff who did not initially assert an injury in New York as well as in New Jersey, should not be permitted to amend his bill of particulars to add such a claim.

Contrary to the PA's argument, Liard's notice of intention to make a claim satisfied specific requirements regarding time and content (McKinney's Uncons Laws of NY §§ 7107, 7108 [L 1950, ch 301, §§ 7, 8, as amended]), and along with his timely filing of

a complaint, vested Supreme Court with subject matter jurisdiction. The court did not abuse its discretion in granting Liard leave to serve a supplemental bill of particulars for the purpose of amplifying and clarifying allegations based on additional factors uncovered during discovery (*see* CPLR 3025 [b], [c]; *Scherrer v Time Equities, Inc.*, 27 AD3d 208 [2006]). Despite Liard's delay in seeking leave to supplement, the PA cannot claim prejudice, as the supplement set forth claims identical to those previously asserted in the complaint and bill of particulars filed by Liard's coplaintiffs (*see Scarangello v State of New York*, 111 AD2d 798 [1985]).

The issue of which state's law applies is dispositive. Under New Jersey's general negligence law, an owner is not responsible for harm which occurs to a contractor's employee as a result of the very work the contractor was hired to perform (*Burger v Sunoco, Inc. [R&M]*, 2009 WL 4895207, *1, 2009 US Dist LEXIS 115474, *3 [D NJ 2009]; *Accardi v Enviro-Pak Sys. Co., Inc.*, 317 NJ Super 457, 463, 722 A2d 578, 580 [1999], *cert denied* 158 NJ 685, 731 A2d 45 [1999]). In contrast, Labor Law § 241 (6) imposes a nondelegable duty upon owners and contractors "to provide reasonable and adequate protection and safety to the persons employed" at construction, excavation, and demolition sites. The PA argues that New Jersey law must be applied because plaintiffs' deposition testimony establishes that their injuries occurred only in New Jersey, and to the extent plaintiffs' affidavits, submitted in opposition to its motion for summary judgment, assert injury in New York, the affidavits' identical content, and the fact that they were inconsistent with plaintiffs' deposition testimony, demonstrate that these statements were fabricated for the purpose of avoiding dismissal. It therefore maintains that there is no real issue of fact regarding whether plaintiffs were injured in New York.

Plaintiffs' affidavits and the uncontroverted affidavit of their expert demonstrate exposure to lead-based paint contaminant during work performed on portions of the George Washington Bridge located in both New York and New Jersey. There are no fatal inconsistencies between the deposition testimony and the affidavits. In addition, particularly because plaintiffs worked together, performed similar tasks, and shared the same experience, the affidavits should not be rejected due to their identical nature.

In contrast, the PA failed to establish that plaintiffs were not injured in New York. Indeed, it neither submitted any expert testimony to controvert plaintiffs' expert's conclusion that plaintiffs were injured in both New York and New Jersey nor

argued before the motion court that disputed issues of material fact require a framed-issue hearing before any determination on choice of law can be made. To the contrary, the PA maintained that there were no issues of fact and that it was entitled to both a declaration that New Jersey law applies and summary judgment based on the applicable New Jersey law. Having failed to raised this issue below, its current claim that a hearing is necessary is not preserved for our review (*see William Kaufman Org. v Graham & James*, 269 AD2d 171, 174 [2000]).

Because plaintiffs' uncontroverted evidence establishes that they were injured in both New York and New Jersey and there is a conflict between the laws of the jurisdictions, we must perform a choice of law analysis. "Under New York's choice of law rules, if the plaintiff and the defendant are domiciled in different states, the law of the situs of the injury generally applies. On the other hand, where the parties share a common state of domicile, an analysis will determine which state's law (that of the common domicile or that of the situs) has the predominant interest" (*Aviles v Port Auth. of N.Y. & N.J.*, 202 AD2d 45, 46 [1994] [citations omitted]). The PA has a dual domicile in both New York and New Jersey. Most of the plaintiffs are New York domiciliaries but at least two of them are domiciliaries of New Jersey. Thus, assuming different domiciliaries, the law of the situs of the injury applies and plaintiffs have established that they suffered injuries in New York.

In the alternative, assuming the same domicile, if we conduct a choice of law analysis, New York's interest in this litigation is sufficient to warrant the application of New York law. "New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521 [1994]). This analysis requires two separate inquiries: "(1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss" (*id.*). With regard to the latter, the courts of this State have held that although the Labor Law provisions "embody both conduct-regulating and loss-allocating functions requiring worksites be made safe (conduct-regulating) and failure to do so results in strict and vicarious liability of the owner of the property or the general contractor," they "are primarily conduct-regulating rules, requiring that adequate safety measures be instituted at the worksite" (*id.* at 522-523). With regard to the former, "[j]ustice, fairness and the best practical result may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its rela-

tionship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" (*Babcock v Jackson*, 12 NY2d 473, 481 [1963] [internal quotation marks and citations omitted]).

New York has a paramount interest in ensuring the safety of workers within our state. The situation presented here is far different from one where the injury occurs solely in another state (*see e.g. Padula* at 522-523 [finding that Massachusetts law was properly applied where plaintiff New York resident fell off scaffold in Massachusetts on property owned by defendant New York corporation]; *Huston v Hayden Bldg. Maintenance Corp.*, 205 AD2d 68 [1994] [finding that New Jersey law applies in action brought by New York resident employed by New York corporation for injuries sustained while working in New Jersey on property owned by New Jersey corporation]). Given the uncontroverted evidence of injuries suffered in New York, the fact that plaintiffs were employed by a New York company while performing work for the PA, a domiciliary of NY (as well as NJ), the motion court properly concluded that New York law applies. Concur—Andrias, J.P., Saxe, McGuire, Moskowitz and Freedman, JJ. **[Prior Case History: 2008 NY Slip Op 32968(U).]**