■ Maria Gonzales et al. Respondents, v Ihay Zinner et al., Respondents, Department of Housing Preservation and Development, Respondent, and Esquire Group Estates, LLC, Intervenor-Appellant. Elisa Vazquez et al., Petitioner, v Ihay Zinner et al., Respondents, and Vintage Ventures, LLC, Intervenor-Appellant. [954 NYS2d 525]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about December 1, 2010, which affirmed an order of the Civil Court, New York County (David B. Cohen, J.), entered on or about September 30, 2009, granting respondent Department of Housing Preservation and Development's (HPD) motion to clarify a provision of an order and judgment (one paper), same court (Pam B. Jackman Brown, J.), entered on or about December 21, 2007, that HPD had the authority to issue loans to the RPAPL article 7-A administrator for repair of the subject buildings and to place liens against these properties in connection with the loans without prior court approval, unanimously affirmed, without costs.

Intervenors' interpretation of the court's appointment order, made pursuant to RPAPL 778 (1), does not comport with our reading of the order. "[T]he starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (*Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 583 [1998]). Here, the plain language of the court's order expressly empowers and authorizes the 7-A administrator to, among other things, obtain loans from HPD, and permits HPD to place liens on the subject buildings in connection with those loans, without prior court approval. By contrast, the order requires the 7-A administrator to obtain court approval prior to obtaining loans from any bank, lending institution or grant which would result in a lien on the premises.

Moreover, intervenors' challenge to the 7-A administrator's use of funds for repairs is unpersuasive inasmuch as they failed to dispute such charges within the 30-day period prescribed by statute despite having had the opportunity to do so from the date they purchased the subject buildings (*see* Administrative Code of City of NY § 27-2129; *Wilson Realty, LLC v New York City Dept. of Hous. Preserv. & Dev.*, 25 Misc 3d 1221[A], 2009 NY Slip Op 52226[U] [Sup Ct, NY County 2009]).

Intervenors' claim that the court's order violated the Due Process Clause is unpreserved, since it was not raised before the Civil Court (*see DaSilva v C & E Ventures, Inc.*, 83 AD3d 551, 553 [1st Dept 2011]), and we decline to review it in the interest of justice. Were we to consider the claim, we would find it unavailing, since intervenors purchased the buildings subject to the 7-A administration, were permitted to intervene in the proceedings, and were afforded "an opportunity . . . to contest the overall legitimacy of the need for the proposed repairs and renovations and the reasonableness of the amounts to be borrowed" (*Chase Group Alliance LLC v City of N.Y. Dept. of Fin.*, 620 F3d 146, 151 [2d Cir 2010]). Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.