■ In the Matter of CITY OF NEW YORK Relative to Acquiring Title in Fee Simple Where Not Heretofore Acquired, for the Same Purpose for SOUTH RICHMOND BLUEBELT, PHASE 3 Located in the Bluebelt Areas Known as Jack's Pond and Wolf's Pond, in Community District 3, South Richmond, in the Borough of Staten Island, County of Richmond, City and State of New York. 594 ASSOCIATES, INC., Appellant; CITY OF NEW YORK, Respondent. [35 NYS3d 628]—

In a condemnation proceeding, the claimant appeals (1) from an order of the Supreme Court, Richmond County (Saitta, J.), dated April 21, 2015, which granted the condemnor's motion to

strike the claimant's appraisal report and preclude the claimant from offering any testimony concerning the contents of the report at trial, and (2), as limited by its brief, from so much of an order of the same court dated September 22, 2015, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated April 21, 2015, is dismissed, as that order was superseded by the order dated September 22, 2015, made upon reargument; and it is further,

Ordered that the order dated September 22, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The claimant, 594 Associates, Inc., acquired the subject property, a vacant and unimproved lot on Staten Island, in 1985. The entire lot is designated freshwater wetlands or wetlands adjacent area, and is subject to regulations precluding its development. In October 2010, the City of New York, as part of its South Richmond Bluebelt, Phase 3, project, acquired the property from the claimant by eminent domain. Thereafter, the claimant filed a claim for damages resulting from the taking.

The parties exchanged appraisal reports in advance of the trial to determine the just compensation due the claimant for the taking. The claimant's appraiser valued the property as of September 26, 2005, on the theory that the City had de facto appropriated the property as of that date by constructing certain stormwater control devices that affected the property. Specifically, the City constructed a headwall on the property's border with an adjacent street, which contained an outlet for one of the storm drains located in the street, as well as an overflow outlet on the property's corner. Those devices caused stormwater to accumulate on the property during storms. The claimant claimed that it was unaware of the construction until January 2011, when its land use expert walked through the property and discovered it, because the headwall and overflow outlet were not visible from the street.

The City moved to strike the claimant's appraisal report and preclude the claimant from offering any testimony concerning the contents of the report. The City argued that the report had no probative value because any claim the claimant might have had for damages for the alleged September 26, 2005, taking was barred by the statute of limitations. The Supreme Court granted the motion, and, upon reargument, adhered to that determination.

Just compensation for property taken in a condemnation

proceeding is determined by the property's market value at the time of the taking, ordinarily the date that title vests in the condemnor (*see Matter of City of New York [Salvation Army]*, 43 NY2d 512, 518 [1978]; *Matter of Metropolitan Transp. Auth. [Longridge Assoc., L.P.]*, 122 AD3d 856, 857 [2014]; *Friedenburg v State of New York*, 52 AD3d 774, 776 [2008]). However, if the owner can establish that a de facto taking preceded the formal one, he or she is entitled to compensation based on the deprivation of his or her beneficial use of the property from the earlier date (*see City of Buffalo v Clement Co.*, 34 AD2d 24, 29 [1970], *mod on other grounds* 28 NY2d 241 [1971]; *Lambert v State of New York*, 30 AD2d 582, 583 [1968]).

A de facto taking claim is governed by the three-year statute of limitations applicable to claims to recover damages for injury to property set forth in CPLR 214 (4) (*see Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 361 [2010], *mod on other grounds* 18 NY3d 777 [2012]; *Linzenberg v Town of Ramapo*, 1 AD3d 321, 322 [2003]). Such a claim accrues at the time of the taking or, at the latest, when the taking becomes apparent, regardless of the time of discovery (*see 509 Sixth Ave. Corp. v New York City Tr. Auth.*, 15 NY2d 48, 51-52 [1964]; *Corsello v Verizon N.Y., Inc.*, 77 AD3d at 361; *Russell v Dunbar*, 40 AD3d 952, 953 [2007]; *Suffolk County Water Auth. v J.D. Posillico, Inc.*, 267 AD2d 301, 302 [1999]; *Greenman v City of Cortland*, 141 AD2d 910, 911 [1988]).

Here, the record established that the headwall and overflow outlet were readily visible when the alleged taking occurred in September 2005. Accordingly, the Supreme Court properly determined that the claimant's time to bring any claim for damages for the alleged de facto taking expired in September 2008, and so properly granted the City's motion to strike the claimant's appraisal report and preclude it from offering any testimony concerning the report's contents on that ground.

Contrary to the claimant's contention, the continuous wrong doctrine is not applicable to its de facto taking claim (*see Sporn v MCA Records*, 58 NY2d 482, 487-488 [1983]; *Smith v Town of Long Lake*, 40 AD3d 1381, 1382-1383 [2007]; *Sarnelli v City of New York*, 256 AD2d 399, 400-401 [1998]; *Goulian v Gramercy 29 Apts.*, 199 AD2d 98 [1993]; *Greenman v City of Cortland*, 141 AD2d at 911).

In light of our determination, we need not reach the City's remaining contention, which was raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Matter of Abinanti v Duffy*, 120 AD3d 668, 669 [2014]). Leventhal, J.P., Hall, Austin and Barros, JJ., concur.