■ In the Matter of ABDUS SHAHID, Appellant, v CITY OF NEW YORK, Respondent. [43 NYS3d 393]—

In a proceeding pursuant to CPLR article 78 to vacate and set aside liens imposed by the respondent upon real property owned by the petitioner for unpaid emergency repairs, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 22, 2014, as, in effect, upon reargument, adhered to the determination in an order and judgment (one paper) of the same court dated May 4, 2014, inter alia, dismissing the proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

In May 2011, the petitioner commenced this proceeding pursuant to CPLR article 78 to vacate and set aside liens imposed by the respondent, the City of New York, upon real property owned by the petitioner for unpaid emergency repairs. The City moved, inter alia, to dismiss the petition for failure to exhaust administrative remedies. The Supreme Court initially granted that branch of the City's motion, but subsequently, upon granting the petitioner leave to reargue, vacated the prior determination, and, thereupon, denied it. In an order and judgment (one paper) dated May 4, 2014, the court granted the City leave to reargue and, upon reargument, vacated its prior determination, and, thereupon, granted that branch of the City's motion which was to dismiss the petition for failure to exhaust administrative remedies, and dismissed the proceeding.

Thereafter, the petitioner again moved for leave to reargue. In the order appealed from, dated September 22, 2014, the Supreme Court reexamined the parties' contentions and concluded that its determination in the order and judgment dated May 4, 2014, was not erroneous. In effect, the court granted reargument and adhered to its prior determination in the May 2014 order and judgment (*see Castle Oil Corp. v ACE Am. Ins. Co.*, 137 AD3d 833, 836 [2016]; *NYCTL 1998-2 Trust v Michael Holdings, Inc.*, 77 AD3d 805, 806 [2010]).

Initially, the petitioner contends that the Supreme Court erred in adhering to its prior determination granting the City leave to reargue because that branch of the City's motion which was for leave to reargue was untimely under CPLR 2221 (d) (3). This contention is without merit. Where, as here, the prior order was never served with notice of entry, "the 30-day period set forth in CPLR 2221 (d) (3) has not been triggered" (*Churchill v Malek*, 84 AD3d 446, 446 [2011]).

Moreover, the Supreme Court properly adhered to its prior determination granting that branch of the City's motion which was to dismiss the petition for failure to exhaust administrative remedies, and dismissing the proceeding. "As a general rule, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before being permitted to litigate in a court of law' " (*Matter of Keener v City of Middletown*, 115 AD3d 859, 860 [2014], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]; *see Matter of LaRocca v Department of Planning, Envt., & Dev. of Town of Brookhaven*, 125 AD3d 659, 659 [2015]). " 'Failure to timely file or perfect an administrative appeal constitutes a failure to exhaust administrative remedies that precludes review pursuant to CPLR article 78' " (*Matter of Gottlieb v City of New York*, 126 AD3d 903, 903-904 [2015], quoting *Matter of Palm v King*, 122 AD3d 1110, 1111 [2014]). Here, the petitioner failed to timely pursue an available administrative remedy prior to seeking judicial intervention (*see* NY City Housing Maintenance Code [Administrative Code of City of NY] §§ 27-2129, 27-2144 [b]; 28 RCNY 17-03; *see also Idlewild 94-100 Clark, LLC v City of New York*, 27 Misc 3d 1006, 1021 [Sup Ct, Kings County 2010], *affd sub nom. One Monroe, LLC v City of New York*, 89 AD3d 812 [2011]).

In light of our determination, we need not reach the City's remaining contention, which was raised as an alternative ground for affirmance (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]; *Matter of City of New York [South Richmond Bluebelt, Phase 3—594 Assoc., Inc.]*, 141 AD3d 672, 674 [2016]). Leventhal, J.P., Cohen, Miller and LaSalle, JJ., concur.