**13-4173-cv**
*Adelson v. Harris*

In the

# United States Court of Appeals

### For the Second Circuit

————

AUGUST TERM, 2014

ARGUED: AUGUST 28, 2014
DECIDED: NOVEMBER 29, 2017

No. 13-4173-cv

SHELDON G. ADELSON,
*Plaintiff-Appellant,*

*v.*

DAVID A. HARRIS, MARC R. STANLEY, AND NATIONAL JEWISH
DEMOCRATIC COUNCIL,
*Defendants-Appellees.*

————

Appeal from the United States District Court
for the Southern District of New York.
No. 12-cv-06052 – J. Paul Oetken, *District Judge.*

————

Before: CALABRESI, RAGGI, and CHIN, *Circuit Judges.*

————

Plaintiff-Appellant Sheldon Adelson appeals from the September 30, 2013 order of the United States District Court for the Southern District of New York (Oetken, *J.*) dismissing his defamation suit. We

previously certified two questions to the Nevada Supreme Court. Having received that court's response, we affirm.

---

James R. Ferguson, Mayer Brown LLP, Chicago, IL (Michele L. Odorizzi, Demetrios G. Metropoulos, Mayer Brown LLP, Chicago, IL; Andrew L. Frey, Mayer Brown LLP, New York, NY; L. Lin Wood and Jonathan D. Grunberg, Wood, Hernacki & Evans, LLC, Atlanta, GA, *on the briefs*), *for Plaintiff-Appellant*.

Lee Levine (Seth D. Berlin, Gayle C. Sproul, Chad R. Bowman, Rachel F. Strom, *on the briefs*), Levine Sullivan Koch & Schulz, LLP, New York, NY, *for Defendants-Appellees*.

---

PER CURIAM:

Familiarity with the facts of this case, as set forth in this court's decision in *Adelson v. Harris*, 774 F.3d 803 (2d Cir. 2014), is assumed. This case involves defamation claims brought by Appellant Sheldon Adelson against Appellees National Jewish Democratic Council, its Chair, Marc Stanley, and its President and CEO, David Harris. Appellant's claim of defamation is based on Appellees' 2012 online petition urging then presidential candidate Mitt Romney to reject Appellant's financial contributions because

2

Appellant's money came from his Chinese casinos and was "dirty" and "tainted," and because Appellant "'personally approved' of prostitution in his [Chinese] casinos." J.A. 38 (emphasis omitted). Using a hyperlink, the petition attributed these "facts" to an Associated Press ("AP") story. *Id.*

The United States District Court for the Southern District of New York dismissed Appellant's action under Rule 12(b)(6) and applied the Nevada anti-SLAPP statute to award attorney's fees and costs to Appellees. *See Adelson v. Harris*, 973 F. Supp. 2d 467 (S.D.N.Y. 2013). On appeal, we affirmed the district court in part, but certified two questions to the Nevada Supreme Court:

> (1) whether a hyperlink to source material about judicial proceedings suffices in an online petition for purposes of applying Nevada's common law fair report privilege; and (2) whether the Nevada anti-SLAPP statute, as it existed prior to the amendments in 2013, covered speech that seeks to influence an election but that is not addressed to a government agency.

*Adelson*, 774 F.3d at 811.

The Nevada Supreme Court accepted the certified questions in 2015, and on September 27, 2017, issued its answers. *Adelson v. Harris*, 402 P.3d 665 (Nev. 2017). As to the first question, the court held that "a hyperlink to source material about a judicial proceeding may suffice as a report within the common law fair report privilege," and that "the online petition, as it existed when

3

[Appellant's] complaint was filed, fell within the purview of Nevada's fair report privilege." *Id.* at 666, 670.

As to the second question, the court directed us to its recently issued opinion *Delucchi v. Songer*, 396 P.3d 826 (Nev. 2017), and explained that, pursuant to *Delucchi*, Nevada's anti-SLAPP statute covers "[c]ommunication that is aimed at procuring any governmental or electoral action, result or outcome . . . which is truthful or is made without knowledge of its falsehood, even if that communication was not addressed to a government agency." *Id.* at 666, 670 (internal quotation marks and citations omitted).

Following receipt of the Nevada Supreme Court's response, we ordered the parties to submit letter briefs addressing the import of that response to the resolution of this appeal. In response, Appellant urged us to revive his defamation claim, arguing (1) that his claim also rests on the non-privileged statement that he "used funds from prostitution to finance his campaign contributions," D.I. 177 at 3-6 (emphasis omitted); (2) that the district court erred in holding, as a matter of law, that Appellees made the statements without knowledge of their falsehood; and (3) that he should have been allowed additional discovery on the anti-SLAPP statute's scienter requirement.

The district court, applying Nevada law, dismissed Appellant's claim because Appellees' statements rested in part on

4

opinion and were otherwise protected by the fair report privilege. *Adelson*, 973 F. Supp. 2d at 471. We have already affirmed that ruling as it pertained to statements of opinion. *Adelson*, 774 F.3d at 807.

Nevada law grants "absolute immunity from defamation . . . to the news media and the general public to report newsworthy events in judicial proceedings." *Sahara Gaming Corp. v. Culinary Workers Union Local 226*, 115 Nev. 212, 215 (1999). The contested allegations—that Appellant personally approved of prostitution—came from an AP story, describing a sworn declaration made in a lawsuit by an ex-employee against Appellant's company. In our prior opinion, we explained that these statements, "if unprivileged," may be actionable. *Adelson*, 774 F.3d at 807. So we asked the Nevada Supreme Court, by certification, whether the hyperlinks used in the petition sufficiently attributed the statements to the AP story to invoke the fair report privilege. *See id.* at 808. That court's affirmative response resolves the issue. The fair report privilege applies and the district court's dismissal of Appellant's defamation claim was correct.

The district court also applied Nevada's anti-SLAPP statute to Appellant's case. Appellant argues that the district court erred in its conclusion that, as a matter of law, the challenged statements were made "without knowledge of falsehood," as required by the statute. D.I. 177 at 7 (internal quotation marks omitted). We did not

explicitly address this ruling in our prior opinion. But, when we explained that the district court properly exercised its discretion in deciding not to allow discovery on the topic, we implicitly approved of the district court's determination that, as a matter of law, Appellees acted in good faith. *See Adelson*, 774 F.3d at 809 ("[T]he discovery sought was not reasonably calculated to create a material issue of fact . . . .").

In any event, we agree with the district court: Appellant failed to allege "knowledge of falsity, much less facts to support such a conclusion." *Adelson*, 973 F. Supp. 2d at 503. Thus, we affirm both the district court's denial of Appellant's request for additional discovery and the district court's application of the anti-SLAPP statute to this case.

For these reasons, the district court's dismissal of Appellant's case is **AFFIRMED**.