Matter of Trump Presidential, Inc. v NYC Dept. of Hous. Preserv. & Dev. (2019 NY Slip Op 01779)





Matter of Trump Presidential, Inc. v NYC Dept. of Hous. Preserv. & Dev.


2019 NY Slip Op 01779


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-09631
 (Index No. 6555/16)

[*1]In the Matter of Trump Presidential, Inc., respondent,
v
NYC Department of Housing Preservation and Development, appellant.


Zachary W. Carter, Corporation Counsel, New York, NY (Richard Dearing and Diana Lawless of counsel), for appellant.
Gerard J. White, P.C., Malverne, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the NYC Department of Housing Preservation and Development appeals from a judgment of the Supreme Court, Queens County (Salvatore J. Modica), entered April 4, 2017. The judgment, insofar as appealed from, granted those branches of the petition which were to vacate all fines, penalties, violations, and repair assessments generated after February 20, 2015, and to compel the NYC Department of Housing Preservation and Development to remove the property from its Alternative Enforcement Program.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with costs, and those branches of the petition which were to vacate all fines, penalties, violations, and repair assessments generated after February 20, 2015, and to compel the NYC Department of Housing Preservation and Development to remove the subject property from its Alternative Enforcement Program are denied.
On February 20, 2015, the petitioner purchased the subject property, a three-story apartment building located in St. Albans, at a foreclosure sale. The petitioner had been the mortgagee of the property. On August 7, 2015, a referee's deed was executed, and on September 16, 2015, the deed was recorded. In January 2016, the petitioner filed a property registration form with the respondent, New York City Department of Housing Preservation and Development, sued herein as NYC Department of Housing Preservation and Development (hereinafter HPD). In February 2016, approximately one year after the petitioner purchased the property, HPD selected the property for participation in the Alternative Enforcement Program (hereinafter the AEP), a program designed to alleviate emergency conditions in distressed buildings by compelling compliance with the requirements of the New York City Housing Maintenance Code (Administrative Code of City of NY, tit 27, ch 2).
In June 2016, the petitioner commenced this proceeding pursuant to CPLR article 78, inter alia, to set aside certain fines, penalties, violations, and repair assessments generated by HPD, and to compel HPD to remove the subject property from the AEP. The Supreme Court granted those branches of the petition. We reverse.
A party who objects to the act of an administrative agency must exhaust all available [*2]administrative remedies (see Town of Oyster Bay v Kirkland, 19 NY3d 1035; Matter of Sulbasky v Delaney, 140 AD3d 776). Here, the petitioner failed to timely pursue an available administrative remedy prior to seeking judicial intervention (see NY City Housing Maintenance Code [Administrative Code of City of NY, tit 27, ch 2] § 27-2129; Matter of Shahid v City of New York, 144 AD3d 1163). While the petitioner contends that some of the violations and charges predate its acquisition of title and that its entry into possession was delayed due to obstruction by the prior owner, some of the violations and charges occurred after the petitioner purchased the building. Further, since HPD records its expenses in its building charge report that is publicly available online, and since the list of open violations is also available publicly online, the petitioner was on notice of the violations and charges on the property at the time it purchased the property (see Matter of Greene Residence, LLC v New York City Dept. of Hous. Preserv., 93 AD3d 794). The petitioner also could have filed its registration statement with HPD when it acquired the building, rather than waiting until it obtained possession, and it could have timely objected to charges imposed after it acquired the building on the basis that it did not have access to the building (see 28 RCNY 17-03[f]). The petitioner did not exhaust available administrative remedies and has also failed to establish that an exception to the exhaustion of administrative remedies rule is applicable. Accordingly, the Supreme Court should not have vacated the fines, penalties, violations, and repair assessments generated after February 20, 2015 (see Matter of Carnelian Farms, LLC v Village of Muttontown Bldg. Dept., 151 AD3d 845; Matter of Shahid v City of New York, 144 AD3d 1163; Gonzales v Zinner, 100 AD3d 557).
The Supreme Court also should not have granted the petitioner the extraordinary remedy of mandamus, compelling HPD to remove the subject property from the AEP. The petitioner failed to demonstrate a clear legal right to the relief sought (see Matter of Richmond v Kurtz, 166 AD3d 984).
SCHEINKMAN, P.J., LASALLE, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court