# Sackler v American Broadcasting Cos., Inc.

## 2024 NY Slip Op 33092(U)

### September 4, 2024

### Supreme Court, New York County

### Docket Number: Index No. 155513/2019

### Judge: W. Franc Perry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. W. FRANC PERRY**                    PART

                                           *Justice*

--------------------------------------------------------------------------------X

DAVID SACKLER,

                                    Plaintiff,

                      - v -

AMERICAN BROADCASTING COMPANIES, INC.,HOME
BOX OFFICE, INC.,NYP HOLDINGS, INC.,THOMPSON
REUTERS  D/B/A REUTERS AMERICA LLC,HEARST
MAGAZINES A DIVISION OF HEARST
COMMUNICATIONS, INC.

                                    Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155513/2019 |
| MOTION DATE | 03/29/2022 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 68, 69, 70, 71, 72, 73, 74, 75, 76, 98, 99, 100, 105, 106, 108, 110, 111, 134

were read on this motion to/for                              RENEWAL                              .

This Court previously granted the plaintiff's, David Sackler, motion to renew. *See* NYSCEF Doc. No. 134. Upon granting such renewal, the Court will now decide the choice of law issue at the heart of the defendant's, NYP HOLDINGS, INC., underlying motion to dismiss, motion sequence 002, seeking dismissal of the plaintiff's amended complaint.

Plaintiff brought this action for libel per se/slander per se and defamation per/se against multiple defendants. The action is based on the defendants' mistaken use of a photograph and sketch of the plaintiff, David Sackler, while reporting on the OxyContin endemic. The plaintiff is not the David Sackler of the Sackler family and Purdue Pharma. The defendant, NYP HOLDINGS, INC., publishes the "N.Y. Post" which is a daily publication that is available worldwide in hard copy and online editions. *See* NYSCEF Doc. 26 ¶ 49.

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No.  003**

**Page 1 of 11**

1 of 11

While this matter was pending, the New York Legislature amended the "anti-SLAPP (strategic lawsuits against public participation)" law which is codified at New York Civil Rights Law §70-a, §76-a, to now require a plaintiff, whether a public or private figure, to prove actual malice on the part of the defendant in the communication that gave rise to the action.

This Court agreed with prior federal rulings and found that the New York Legislature intended its 2020 amendments to New York Civil Rights Law §70-a, §76-a to apply retroactively. (*See* NYSCEF Doc. No. 58; *Palin v. New York Times Co.* 510 F.Supp.3d 21 (2020) and *Coleman v. Grand* 523 F.Supp.3d 244 (2021).

The parties requested this Court to hold the petitioner's motion to renew in abeyance as the issue of whether the New York Legislature's amendments to §76-a should be retroactively applied was pending before the New York Court of Appeals in the matter of *Gottwald v. Sebert*, 40 N.Y.3d 240 (2023). *See* NYSCEF Doc. No. 108.

### ***Gottwald v. Sebert***

The First Department decided that the 2020 amendments to the anti-SLAPP were to apply prospectively not retroactively, including the requirement for a plaintiff to prove actual malice. *See Gottwald v. Sebert*, 203 A.D.3d 488 (1st Dept. 2022). The Court of Appeals overturned the First Department on the application of attorney's fees and whether the plaintiff, Gottwald, in that case was a limited public figure. *See Gottwald v. Sebert*, 40 N.Y.3d 240 (N.Y. Court of Appeals 2023). The Court of Appeals found that while the defendant could not recover attorney's fees retroactively, the defendant could recover costs, attorney's fees, and damages from the continuation of the action after the effective date of the statutory amendments and the calculation of such damages would be from the effective date of the amendments. *See Id.* at 258-59.  The Court did not decide whether the provision of the amended statute (Civil Rights Law §

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No.  003**

**Page 2 of 11**

2 of 11

76-a [2]) requiring a showing that the allegedly defamatory statements were made with actual malice was to apply to actions pending after the effective date of the amendments as it disagreed with the First Department and found that the plaintiff, Gottswald, was in fact a limited public figure thus the actual malice standard already applied to him. *Id.* at 257.

Based on the First Department's and Court of Appeals' rulings and reasoning in *Gottswald*, this Court granted the plaintiff's motion to renew finding that the actual malice standard was not to be applied retroactively to this matter which was filed prior to the enactment of the statutory amendments. *See* NYSCEF Doc. No. 134.  In granting the defendant's underlying motion to dismiss, this Court did not decide whether New Jersey or New York law applied to this action, the Court instead determined the actual malice requirement was to apply retroactively and thus the standard between the two states was the same and the plaintiff's allegations were legally insufficient to show actual malice by the defendant. *See* NYSCEF Doc. No. 58. Upon granting renewal, the Court will now determine whether New York or New Jersey defamation law should apply to this dispute.

**Facts**

Mr. Sackler is a resident of the state of New Jersey. *See* NYSCEF Doc. No. 36 at ¶ 23. The N.Y. Post has its primary place of business in the state of New York where it produces a national daily publication that is available worldwide in both hard copy and online editions. *See* NYSCEF Doc. ¶¶ 47 & 49.  Plaintiff alleges that the N.Y. Post used a photo of him instead of the David Sackler of Purdue Pharma in an online article about the Sackler family of Purdue Pharma published on May 12, 2019. *See* NYSCEF Doc. No. 6 Am. Complaint at ¶ 111-15. Mr. Sackler notes that the photograph utilized by the Post he is holding a bottle of Trimwater, a beverage distributed by his company, Lifestyles Beverages, Inc. *Id.* at ¶ 116. The Post's story

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**                                        **Page 3 of 11**
Motion No.  003

3 of 11

also ran in its printed edition which featured the same photograph but had been cropped and did not show the beverage from the plaintiff's company. *Id.* at 119. Mr. Sackler also alleges reputational harm when the N.Y. Post published a different picture of him again holding a bottle of Trimwater in a May 15, 2019 online article entitled "Met to reject gifts from the Sacklers amid the fury over the opioid crisis". *Id.* at ¶ 126-130. The hardcopy version of this article did not include a photograph. *Id.* at ¶ 132.

Mr. Sackler cites specific examples of reputational harm that occurred in California, Florida, New Jersey and New York due to the defendant's use of his photograph when reporting on the opioid crisis. *Id.* at ¶ ¶ 142-45 & 149. Mr. Sackler also points to phone calls and a Facebook message received from people in Maryland, Michigan and Texas regarding the use of his image in articles reporting on the David Sackler of Purdue Pharma. *Id.* at ¶ 146-48. In addition, Mr. Sackler alleges multiple incidents of harm and steps taken to avoid additional harm. For example, being asked in business meetings about the publications or needing to make restaurant reservations under a different name or changing his appearance to avoid being accosted or attacked and that such a fear was especially heightened when out with his family. *Id.* at ¶ 150-58.

### Arguments

The plaintiff alleges that this matter should be governed by New York law, and thus the plaintiff must only prove, under the pre-amended anti-SLAPP statute, that the defendant acted negligently in publishing the plaintiff's photograph when reporting on David Sackler of Purdue Pharma the creator and distributor of OxyCotin.

The plaintiff provides specific examples of reputational harm that occurred in multiple jurisdictions including his home state of New Jersey. The plaintiff argues that because this is an

**155513/2019 SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No. 003**

**Page 4 of 11**

action alleging defamation per se that the tort of defamation was completed at the time of the defendant's use of the plaintiff's photograph in its nationwide publication from its principal place of business and because the business is in New York its law should control this matter. *See* NYSCEF Doc. No. 36 at ¶ 27-32.

The defendant argues that the law of the plaintiff's home state of New Jersey controls this action under New York's choice of law principles as that is where the plaintiff suffered the most reputational harm. *See* NYSCEF Doc. No. 23 & 38. The defendant further alleges that under the actual malice standard there is no triable issue of fact and the motion to dismiss should therefore be granted. The defendant asserts that defamation per se actions still require the final element of reputational harm but that such harm is presumed and specific damages do not need to be plead. In other words, the defendant argues that merely pointing to where the photograph was published as the locus of the tort is insufficient, as the final element of any action for defamation, including defamation per se, is the suffering of reputational harm. *See* NYSCEF Doc. No. 38 at p. 7.

### Findings

Having now determined New York's actual malice amendment to the anti-SLAPP is not to apply to an action pending at the time of the amendment's enactment, the Court finds that there is an actual conflict between the defamation laws of New York and New Jersey. *See Allstate Ins. Co. v. Stolarz*, 81 N.Y.2d 219, 223 (1993). The New York standard for this matter, at the time it was filed, would require the plaintiff to show the N.Y. Post was negligent in publishing his photograph. *See Chapadeau v. Utica Observer-Dispatch*, Inc., 38 N.Y.2d 196, 200 (1975) (requiring in matters of legitimate public concern that a plaintiff "must establish, by a preponderance of the evidence, that the publisher acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**
Motion No.  003

**Page 5 of 11**

followed by responsible parties" in order to recover defamation damages.) Whereas if New Jersey law applies, Mr. Sackler would need to show the defendant acted with actual malice in the publishing of the plaintiff's photograph. *See Turf Lawnmower Repair v. Bergen Record Corp.*, 139 N.J. 392, 423-24 (1995) (requiring a plaintiff "to establish by clear and convincing evidence that the defendants published the article either with the knowledge that the statements were false or with reckless disregard of whether they were false" to survive a motion for summary judgment.)

To resolve choice of law conflicts arising in torts, New York courts used to simply apply the law of the location of the tort's occurrence. *See Babcock v. Jackson*, 12 N.Y.2d 473, 476 (1963). The Court of Appeals in *Babcock v. Jackson*, deviated from the rule of applying the law of the place of the wrong and instead held that courts should apply the law of the place that has the "greatest concern with the specific issues raised in the litigation" based on "its relationship or contact with the occurrence or the parties". *See Id.* at 481-82; *see also K.T. v. Dash*, 37 A.D.3d 107, 110-11 (1st Dept. 2006). In other words, New York applies the jurisdiction's law that has "the most significant interest" in the litigation. *See Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1994) *(*citing *Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519, 521 (1994)). In determining what state has the greater interest in the matter, the court must determine the significant contacts and in which jurisdiction they occurred and "whether the purpose of the law at issue is to regulate conduct or allocate loss." *Id.* at 520 (citing *Schultz v Boy Scouts,* 65 NY2d 189, 198 (1985)). The Court finds that statutes concerning defamation, while they also allocate loss, are primarily conduct regulating in nature. *See Lee v. Bankers Trust Co.* at 545 (finding that "discouraging defamation is a conduct regulating rule"); *see also Padula* at 522-23. Now the

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No.  003**

**Page 6 of 11**

6 of 11

Court must determine which jurisdiction has a greater interest and or more significant contacts with the parties and allegations of the instant matter.

## A. Greater Interest Analysis

When there is a conflict of laws that are "conduct regulating" in nature, "New York law many times applies the law of the place of the tort ('*lex loci delicti*')". *See Lee v. Bankers Trust Co.* at 545 (internal citation omitted); *see also Padula v. Lilarn Properties Corp.*, 84 N.Y.2d 519 (1994). "In deciding which state has the prevailing interest, the court looks only to those facts or contacts that relate to the purpose of the particular laws in conflict." *See AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. 1992). "Although the preference for the plaintiff's domicile is not conclusive, 'the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort.'" *Id.* (quoting *Schultz v. Boy Scouts of Am., Inc.*, 65 N.Y.2d 189, 197 (1985)). "Under New York choice-of-law rules in defamation cases the state of the plaintiff's domicile will usually have the most significant relationship to the case, and its law will therefore govern." *See Lee* at 545 (quoting *Reeves v. American Broadcasting Cos.,* 719 F.2d 602, 605 (2d Cir.1983)). This is because there is a presumption that the plaintiff's home state is where the greatest reputational damage will be suffered or experienced. *Reeves* at 605; *see also Qureshi v. St. Barnabas Hosp. Ctr.*, 430 F. Supp. 2d 279, 293 FN 3 (S.D.N.Y.2006)[1]

When a publication is issued nationwide as is the case here, "the tort of [defamation] essentially lacks a locus, but rather injures plaintiff everywhere at once. In such cases, determining which state has the most significant relationship to the litigation requires a more comprehensive analysis." *Condit v. Dunne*, 317 F. Supp. 2d 344, 353 (S.D.N.Y. 2004) (citing

---

[1] Plaintiff argues that the presumption that a plaintiff suffers the most reputational harm is present in federal and not New York state cases. However, here the locus of the tort on this national publication is also in New Jersey as that is where the injury was predominantly suffered. *See Schultz v. Boy Scouts of Am., Inc.* at 195; *see also Machelder v. Diaz*, 801 F.2d 46, 51-52 (2d Cir. 1986).

**155513/2019  SACKLER, DAVID vs. AMERICAN BROADCASTING**                              Page 7 of 11
**Motion No.  003**

*Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1092 (S.D.N.Y. 1984); s*ee also Adelson v. Harris*, 973 F. Supp. 2d 467, 476 (S.D.N.Y. 2013), aff'd, 876 F.3d 413 (2d Cir. 2017) (quoting *Xcentric Ventures, LLC v. Bird*, 683 F. Supp. 2d 1068 (D. Ariz. 2010) "it is quite foreseeable that the brunt of the reputational harm that results from internet-based defamation is most likely to be felt in the forum where the defamed individual lives, works, and maintains social relationships.").

Simply because the defendant issues its nationwide publication from its principal place of business in New York does not mean that this Court should automatically apply New York law to this dispute. In fact, the New York choice of law principles instead point not to the act as the locus of the tort but instead to the injury which is the final element that would make the defendant liable. *See Schultz* at 195. The plaintiff also argues that because the anti-SLAPP statute is conduct regulating that this Court should apply New York law to ensure New York media comply with its provisions. The interest in regulating "future" conduct is surely lessened after the 2020 anti-SLAPP amendments which require a plaintiff to prove actual malice and not simply negligence in future actions under this statute. *See Padula V. Lilarn* at 522. In addition, the state of New Jersey has an interest in protecting its residents from tortious conduct. *See Adelson* at 477-78; *see also Machleder v. Diaz*, 801 F.2d 46, 52 (2d Cir. 1986) (comparing New York's interest "in establishing a standard of fault for its news media" with New Jersey's "important competing interest in protecting its citizens from defamation" and its interest "in governing the fault of those who come within its boundaries to investigate the news and later broadcast it there"); s*ee also La Luna Enters. v. CBS Corp.*, 74 F. Supp. 2d 384, 389 (S.D.N.Y.1999) (determining that the plaintiff's home state had the greatest interest in the defamation action even though "New York has an interest in protecting the free speech rights of publishers")

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**          **Page 8 of 11**
Motion No.  003

8 of 11

Also, it is important to remember with a nationwide publication especially one issued online that the defendant disseminates such to all fifty states and the plaintiff is injured everywhere such publication is consumed. *See Condit v. Dunne* at 353.

## Conclusions

While the plaintiff alleges specific examples of reputational harm suffered in multiple states, the Court finds that the defendant's nationwide publication of his photograph had the greatest affect to the plaintiff and his overall reputation in the state where he resides.[2] *See* NYSCEF No. 6 ¶ ¶ 142 and 150-158. "Under New York's choice of law rules, if the plaintiff and the defendant are domiciled in different states, the law of the situs of the injury generally applies." *See DaSilva v. C & E Ventures, Inc.*, 83 A.D.3d 551, 553 (1st Dept. 2011). The Court finds that the fact that the defendant produces its nationwide publication from New York does not provide New York with a greater interest or "more significant interest" in this matter than New Jersey where the plaintiff suffered the greatest reputational harm and had to alter his day-to-day life to not suffer more.[3] *See* NYSCEF No. 6 ¶ 150-158; *see also Davis v. Costa-Gavras* at 1091; *see also Luna* at 389. In addition, the Court finds that how New Jersey chooses to handle defamation matters and protect its residents from harm arising out of defamation has a greater interest in this matter than the state housing the defendant's physical business where it produces a nationwide publication that is available in both New York and New Jersey. See *Adelson* at 477-78; *see also Machleder* at 52.

---

[2] The plaintiff's home state of New Jersey not New York or for that matter California, Florida, Maryland or Texas is the "situs" of plaintiff's injury. See *Adelson v. Harris*, 973 F. Supp. 2d 467, 476 (S.D.N.Y. 2013); *see also DaSilva v. C & E Ventures, Inc.*, 83 A.D.3d 551, 553 (1st Dept. 2011).

[3] The plaintiff has not shown that he has any more of a significant relationship with New York than he does with California, Florida, Maryland or Texas where he also cites specific examples of reputational harm. *See Adelson* at 481.

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**                    **Page 9 of 11**
**Motion No.  003**

9 of 11

[* 9]

**Actual Malice Standard**

Thus, after granting leave to renew and upon consideration of all the arguments made by both parties, the Court again grants the defendant's underlying motion to dismiss. *See* NYSCEF Doc. Nos. 134 & 58. The Court has determined that New Jersey law applies to this matter under New York's choice of law principles and the plaintiff must show that the defendant acted with actual malice. The Court again finds that the plaintiff failed to allege that the N.Y. Post published the photograph of him with actual malice. *See* NYSCEF Doc. No. 58. The plaintiff's sole allegation is that the Post did insufficient research to determine whether the plaintiff was the David Sackler of Purdue Pharma. As this Court previously determined in the underlying motion to dismiss, such an allegation is insufficient as a matter of law to show that the defendant acted with actual malice. *See Id.*

Accordingly, it is hereby:

ORDERED that the motion of defendant for leave to renew on the defendant's motion to dismiss is granted; and it is further

ORDERED that, upon renewal, the Court adheres to its Decision and Order, dated March 9, 2021, granting said motion to dismiss in its entirety for the foregoing reasons; and it is further

ORDERED that the motion of defendant NYP Holdings, Inc., motion sequence 002, to dismiss the amended complaint herein is granted and the amended complaint is dismissed in its entirety as against said defendant, with costs and disbursements to said defendant as taxed by the Clerk of the Court, and the Clerk is directed to enter judgment accordingly in favor of said defendant; and it is further

ORDERED that the action is severed and continued against any remaining defendant; and it is further

**155513/2019   SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No.  003**

**Page 10 of 11**

10 of 11

ORDERED that the caption be amended to reflect the dismissal and that all future papers filed with the court bear the amended caption; and it is further

ORDERED that counsel for the defendant shall serve a copy of this order with notice of entry upon the Clerk of the Court (60 Centre Street, Room 141B) and the Clerk of the General Clerk's Office (60 Centre Street, Room119), who are directed to mark the court's records to reflect the change in the caption herein; and it is further

ORDERED that such service upon the Clerk of the Court and the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases (accessible at the"E-Filing" page on the court's website at the address www.nvcourts.gov/sunctmanh).

This constitutes the decision and order of this Court.

| 09/04/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **W. FRANC PERRY, J.S.C.** | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155513/2019  SACKLER, DAVID vs. AMERICAN BROADCASTING**
**Motion No.  003**

**Page 11 of 11**

11 of 11